If I'm squinting and struggling here today, it's not because I don't understand your argument. I'm trying to get used to using reading glasses. So I apologize in advance if I seem a little more bewildered than usual. Good morning, Your Honor. May it please the Court, my name is Santiago Durango, an assistant appellate defender with the Office of the State Appellate Defender, and I represent the appellant in this case, Mr. Daniel Cleary. In this case, the defendant was found guilty by a jury of murdering his wife, and he was sentenced to a term of 60 years in prison. The primary evidence used to convict the defendant consisted of hearsay statements from the victim, in which she related to friends and relatives that the defendant had threatened to kill her if she left him. And she was in the process of leaving him and asking for divorce when the murder occurred. Today I'm going to ask the Court to reverse the conviction because the hearsay statements of the victim should not have come into evidence because they violated the confrontation clause under Crawford v. Washington. In 2004, the United States Supreme Court issued its decision in Crawford v. Washington in which it redefined which sort of hearsay statements are permitted or not permitted under the confrontation clause. The Court stated that testimonial statements needed to be subject to cross-examination before they could be admitted into evidence. The Court did not define the full extent of what constitutes a testimonial statement, but it gave some basic parameters, noting that statements made in formal settings to governmental officials that would be used as evidence in the prosecution of an individual qualified as testimonial statements. These statements need to be subjected to cross-examination before they are admissible. The Court did not limit the scope of what constituted a testimonial statement for purposes of the confrontation clause. There is a question as to what constitutes whether a testimonial statement can involve statements that were made to non-governmental individuals. That is the issue in this case, whether the statements that the victim made to her friends and relatives constituted testimonial statements that should have been subjected to cross-examination. In this case, there was no cross-examination of the declarant. In Crawford, weren't they talking about statements to government officials? They were, Your Honor. The statements weren't made to government officials, were they? In Crawford, the statements were made to police officers. But in this case, not. And it's an open question as to whether these statements are testimonial or not. That is the issue really in this case, whether the statements made in this case were testimonial. It's an open question. The Supreme Court has not decided one way or the other whether such statements can be testimonial. There are two views as to whether statements that are made to non-governmental individuals qualify as testimonial statements. The first view, which I am urging the Court to find applies in this case, is the view that if the declarant made the statements in anticipation or with a reasonable belief that the statements would be used to investigate or prosecute an individual, they are to be considered as being testimonial and subject to the confrontation clause. In this case, my argument is that the statements made by Melissa Cleary to her friends and family that the defendant had threatened to kill her if she left him were intended to be conveyed to the police in case something did happen to her. They were intended to prompt an investigation of the defendant if something did happen to her. The alternative view that she was making these statements as casual observations to friends and family would actually support the defendant's case that she was making the statements for the purpose of excusing behavior that suggests she was being immoral in her marriage. So I am urging the Court to find that her statements were testimonial because it is reasonable to conclude that she made them for the purpose of triggering an investigation and prosecution of her husband if something happened to her. Would you agree that that view would be a further expansion of Crawford? The Supreme Court didn't go that far. This is new ground, but that would be one rationale that has been discussed by the academics and the case law. Now the second view is that for a statement to be testimonial, it always has to be made to a governmental agent. And that view is a view that the 4th district appellate court has urged the court of Illinois to adopt in its decision on people v. Richter. And the 4th district bases its argument for adoption of that rule on comments made by Professor Graham and also relies on decisions from other states. So under the Richter Court's analysis, the statement in this case would not be testimonial and subject to the confrontation clause because it was not made to a governmental agent. But Richter also built an exception in their decision with regard to intent, right? Yes, your honor. The Richter decision is a little bit confusing because at one point the court concludes clearly, they state they conclude that the statement needs to be made to a governmental agent. But then later in the decision it provides a safety valve stating that if the statement was made where the recipient of the statement was intended to be a conduit for the statement from the declarant to the police, in that situation the statement would be testimonial. So on the one hand the Richter court stated that it needed to be made to a governmental agent. On the other hand, it said it doesn't have to be made to a governmental agent if it's intended to be the person who receives the statement as a conduit. So it's not a clear decision as to whether it needs to be made to a governmental agent. I believe there are problems with the Richter decision and that's why I ask for oral argument because I think that decision goes too far. It goes beyond what the Supreme Court has stated may qualify as a testimonial statement. It relies on secondary authorities. It does list a number of cases from other courts that do not actually directly support that proposition. But what else are you going to do but go too far if you're treading a new territory? Do you agree that whether or not statements to non-government officials is new ground? I think it's important to note that the Supreme Court has left the possibility of making the statement to non-governmental agents open. So as the law now stands, it's possible that a statement made to a non-governmental agent could be a testimonial statement. On the other hand, the Richter Court says no, that cannot happen. So in that sense, it's contrary to where the law is right now. It places a limitation that has still been left open by the Supreme Court. And of course, whether it's the 4th District or us, you can only decide the case in front of you and anything goes beyond that in any case is dicta, at least in the appellate court, right? Well, your decision will be of guidance and will be binding in this district and in the trial courts in this district and may ultimately become the basis for the adoption of a rule in Illinois, whichever way the court rules. Mr. Durango, what do we do with Stoeckle? Stoeckle in a sense supports my argument. The state correctly notes, or the Richter decision correctly noted that it's a plurality decision. So the statement in Stoeckle that the intent of the declarant is important is not present. That is binding on any court. It's just binding on the parties. But it does signal what the court, or at least three members of the court, believe should be the rule of law in Illinois. Which is that the statements can be made to non-governmental… Yes, the intention is that they be used as evidence or to investigate an individual. I'm going to ask you one other question. In Crawford, the Supreme Court not only talked about the governmental and non-governmental actors, it also talked about the fact that there needed to be some solemnity surrounding the statements. What's your argument with regard to that in this case? In Crawford, the court pointed out where the statements are clearly testimonial and gave examples, which included situations with solemnity, which included grand jury proceedings, culminating in hearings. That was not an exclusive definition of what will constitute a testimonial statement or the situations in which a testimonial statement may arise. The court has left it open, has specifically left open the question. In Davis, the court said that question will be addressed some other day as to whether statements made to non-governmental agents can constitute testimonial statements. If intent is important, would it be of reach to think that a woman, a lay person by all accounts, untrained in the law, out in Tazewell County, would intend that if I make this statement to these people, not only if something happens to me will the police go look at my husband, but my statement will come into evidence and be used against me? Did I ask a little too much to think that that was the thought process or the intent that her statement would come in other than if something happens to me, make sure they look at me? Because he probably did it, but her intent that her statement come into evidence. Is that a reach for a lay person, especially at the time of this murder? Your honor, there are cases where the declarant has, well let me back up. In this case, I don't think the court needs to even go that far. Because a statement made to a non-governmental person does not necessarily, the intent is not necessarily that it will be used as evidence for prosecution. Case law indicates that if the person reasonably foresees that it will be used to investigate a person. So if it's limited to just that consideration, I think in this case the facts support a conclusion that Melissa Cleary intended her statements to at least trigger an investigation of her husband. And therefore, the statements were testimonial. Now whether they were going to be used as evidence or not, I don't think the court needs to go that far. I think it's enough that the statements, the court can conclude that the statements were intended to trigger an investigation of her husband. On page 18 of your brief, you list numerous statements. Are those inclusive? Are those all the statements in the record that you feel were testimonial? It's a fair summation. The page citations to the record include, they're more extensive, but that is the general, it's a summation of basically what she was saying. He will kill me if I leave him. I can clarify a little bit more in the sense that she- Is it possible that some of those statements may be arguably testimonial, but not all of them? I'm concerned about the statements asking the daughter if she thought a divorce was a good idea. How is that testimonial? That part may not be testimonial. It's arguable, but then stating to her daughter that she wanted her to take care of the kids because she thought something bad was going to happen to her, that to me conveys information. So those two statements you would lump together? I can see how they could be parsed so that asking about whether a divorce would be good may not be testimonial, but I believe that what followed in asking her daughter to take care of the kids in case something happened to her because she felt something bad was going to happen to her, I think arguably would be testimonial. In all these statements, they were properly preserved, there were objections to them at the time they were offered during trial? There was a motion to allow the statements to come in made by the state and it was objected to not on the constitutional grounds that I have raised in my briefs. The constitutional issue I raised in my brief was not argued in the trial court, but it's an issue that I contend can be raised for the first time on appeal. They were also allowed under an Illinois statute which I contend was unconstitutional as applied to the defendant because it does not require any determination as to whether the statements were testimonial or not. Were there any objections at trial that the statements were irrelevant? I do not believe so. I could be wrong about that, but I do not recall there being objections based on relevance. Thank you for answering my questions. Your definition of any statement that might trigger an investigation, doesn't that take the phrase testimonial and expand it out into the ozone? When one thinks of a testimonial statement and they talk about proper statements that will be anticipated to be used as testimony, right? And if you just say any statement that might be used to trigger an investigation and not anticipated to be used in court as testimony, I mean, doesn't that make testimonial just so broad it's meaningless? Again, Your Honor, the way the question is phrased I could see it perhaps being too broad, but I think what will anchor the analysis is the question of the intent. Was the comment made casually without any intent to trigger an investigation or prosecution? I think the facts in this case suggest that it was intended that the comments were made. Well, or was the intent that that statement come into evidence, that the statement itself be used as testimony, ergo testimonial, and that with the intent that if I say this, my statement will come into evidence someday? Yes, my position is that it's enough that it was intended to, at a minimum, instigate an investigation of the individual. Thank you. Thank you, Your Honor. Ms. Kelly? May it please the Court, counsel? Melissa's intent in making these statements was to peacefully exit her marriage. She was telling friends, coworkers, family members that she was fearful, she wanted to leave her marriage, she wanted to leave her marriage peacefully. She told friends of threats that had been made. Friends responded by offering to let her stay with them. She asked if she could come and stay, could she come bring the kids to stay, would you watch my kids? That was her intent in making these statements. Her intent in making these statements was not to possibly trigger an investigation in the future. These are not testimonial statements. They were not objected to on the basis of being testimonial statements. After the lengthy hearing, after the lengthy hearing on the People's Motion and Limiting, the judge prefaced his remarks by saying there's no constitutional challenge here, I don't have to reach that issue. Everybody agreed there was no constitutional challenge. The judge never reached the issue of whether these were testimonial. And the people submit that they are not. That the Richter case is very close. A lot of the statements are almost identical to the statements made in Richter. And that this Court does not need to go as far as Richter did in finding that a statement to a non-governmental agent can never be testimonial. But certainly in this case, these statements were non-testimonial. They were made for the purpose of helping her peacefully exit a marriage in a situation she was afraid of. They were not made to trigger an investigation if that expansive definition is used. And they were certainly not made with the intent that they would then be used as evidence in the prosecution against the defendant in this case. But they were. They were. That's correct.  That was not the declarant's intent. And if the Court were to adopt the non-binding holding of Stegley, that in the case of a non-governmental agent, you look at the intent of the declarant. That, in fact, was not her intent in this case. That's correct. For the statute? For using this in a murder case and using the domestic violence statute? I think Richter addresses that. I think they premised it on another case, the aggregated battery to a child case. I didn't write that down. I had it yesterday. But I think that Richter does explain why it is applicable. There's no such crime as domestic violence. There's domestic battery. There are other crimes. Therefore, the legislature would have chosen that broader term to encompass something where the domestic violence has resulted in the death of the victim. And the victim is, therefore, unavailable. And this would be a domestic violence case. It's the broadness of the term used, domestic violence, which is not a particular crime. And it was analogized to a Supreme Court case which found aggravated battery or a similarly non-exact case of aggravated battery of a child or something. Well, that was allowed to come in then with the death of the child. That was the theory of the 4th District? That was the theory of the 4th District. That's correct. And it's not binding on that? No, it's not binding. But the defendant did raise that issue below and did not continue that issue on appeal. That was one of the bases on which he hoped to have the statements kept out below. The judge made a ruling. He has not appealed from that ruling. If, for us to assume, for us to reach a point that it was her intent that these statements come into evidence, wouldn't we have to be saying that it was her, that she planned on being murdered? I think that's a reasonable, a reasonable carrying that to its logical extreme, yes. Her intent was not to frame him or to have him investigated. Her intent, she was scared, and she went to people who she thought could help her. One provided a cell phone, provided a place for her to stay, provided advice what to do. That's the intent that she made these statements with, certainly not to be used in a prosecution or even in an investigation. And additionally, one other piece of information that the Richter Court points to, and it was dicta in the Supreme Court case in Giles v. California, where the issue in that case was this constitutionality of forfeiture by wrongdoing. And that's not an issue in this case, but they do make the comment in that case, and it is dicta, as I said, that in the context of domestic violence, that only testimonial statements are excluded by the Confrontation Clause. Statements to friends and neighbors about abuse and intimidation would be excluded, if at all, only by other hearsay rules. So if we can look at dicta for a way that the Supreme Court might treat this issue if it took it, which I don't believe it has yet taken the issue of statements to non-governmental agents, this dicta would seem to apply certainly in the domestic abuse context, that statements to friends and neighbors about abuse and intimidation are not testimonial statements. That was another secondary source, as counsel put them, upon which the Richter Court relied. I don't think I have anything further to say. Yes? Thank you. Thank you. Mr. Santiago? A few points based on the conflict argument and the questions from the Court. Regarding Giles and the statement that dicta and Giles about making comments to friends or relatives, that was dicta and I think it would be a reach to find that the Supreme Court has created an exception to the Confrontation Clause through dicta. In addition, in Giles, the Court, although it made that statement, it immediately followed the statement with comments that indicated that such statements might be found to be testimonial. So it's dicta and I'm not sure it carries a lot of weight under the circumstances of this case. Regarding your question, Justice Schmidt, about the victim having foreseen her murder and making the statements in connection with something along those lines, some premonition that she would be murdered, the facts of this case show that she had resigned herself essentially to being killed. She had stated to her sister, testified that when she asked the victim, why don't you just leave, the victim stated, he'll just find me and kill me. There's no point to it essentially is what she was saying. In that context, I think mentioning to other individuals that her husband had threatened to kill her indicates or supports the conclusion that she intended her comments to point the finger at him and they were motivated with a hope that he would be investigated if something happened to her. Let me switch gears on you just a second. At the opposite of your argument, and I understand your argument, you refer to this as the primary evidence used to convince, but it wasn't the only evidence. So talk to me a minute about harmless error or I guess in the sense that for it to be plain error, if you agree this was not raised below, would this be a plain error analysis? The argument I'm raising is constitutional. Well, our Supreme Court has said that even constitutional issues can be forfeited, right? Yes. And so either, well, your choice, harmless or plain error, do you think, what about the other evidence in this case? I understand your question. Are you just concerned about the balance of the evidence, whether the other evidence was? In other words, washing the garage with bleach, et cetera, et cetera. Yeah, finding the keys, the extra set of keys in a box in the defendant's closet, that evidence is somewhat incriminating. But it's circumstantial. The murder was bloody, or it appears to have been bloody because it was a blood dengue. No blood essentially was found in the garage, a few spots. Well, when you say it was clean, I just wondered because I've smoked a lot of oil in my day in the garage and I've never thought about cleaning bleach. I'm just wondering if bleach would take out blood. I'm not sure about oil. Yeah, that I don't know. I'm not an expert on what cleans oil or not. But the jurors were allowed to use their experiences. Right. Was that a reasonable explanation? Yes. I mean, was that a reasonable explanation? In other words, could a reasonable trier of fact, even without that, and would it be likely that a reasonable trier of fact, even without these statements, would have found the defendant guilty of murder? I think it could have gone both ways with the limited evidence and circumstantial evidence that was available because there was also evidence that was contrary or that negated the incriminating evidence. The son stating that he had seen his mother alive after the time the state posits she was murdered. Evidence that the test used to find the blood can detect other substances, not just blood. Nothing to place the defendant at the scene. So it would have been a closer case. And the evidence that was... Didn't the kids put him at the scene? Didn't his kids put him there at the house? Yes. But they also... The son testified that he saw his mother later on that evening. And also, Your Honor, it bears recalling that the state relied on the Domestic Violence Act, exception to the hearsay rule, and that act provides that it should only be used when the state basically has no other compelling evidence. So the state's reliance on that statute supports my argument that the other evidence was not strong enough or at least created a closely balanced case in this situation. Finally, I would just like to say that even under the Rector Court's conduit theory, this Court could find that the statements were testimonial. It's reasonable to conclude that the victim made the statements intending that the recipients of the statements act as conduits for the statements to the police. In conclusion then, Your Honors, I would ask that this Court find that the statements made by the victim were testimonial and that the defendant's conviction be reversed and the cause remanded for an interrogation. Thank you very much. Thank you. We will be taking the matter under advisement and probably not rendering a decision with a lot of speed because there's many, many issues to discuss and deliberate in this case. But we will do our best to get it out without undue delay. Thank you.